# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## OCTOBER 1998 SESSION

FILED

December 7, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9712-CR-00563 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. J. RANDALL WYATT, JR., |
| JOHN JAMES, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Re-Sentencing) |

FOR THE APPELLANT:

THOMAS F. BLOOM
500 Church Street, 5th Floor
Nashville, TN 37219-2349

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KIM R. HELPER
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

VICTOR S. JOHNSON III
District Attorney General

WILLIAM R. REED
Assistant District Attorney General
222 - 2nd Avenue North
Washington Square, Suite 500
Nashville, TN 37201-1649

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

**OPINION**

Defendant was convicted by a Davidson County jury of thirteen counts of sexual abuse of his nine-year-old stepdaughter. The trial court ordered defendant to serve an aggregate sentence of seventy years. On direct appeal, this Court reversed three of the convictions and remanded the case to the trial court for re-sentencing. *See* State v. John James, C.C.A. No. 01C01-9601-CR-00016, Davidson County (Tenn. Crim. App. filed March 27, 1997, at Nashville). Upon remand the trial court ordered defendant to serve an aggregate sentence of fifty years. Defendant appeals this sentence contending that all counts should be run concurrently for a total sentence of twenty years. We AFFIRM the sentencing decision of the trial court.

**FACTS**

Defendant was indicted in a thirteen-count indictment charging him with various acts of sexual abuse. Testimony revealed that all of these incidents involved defendant's nine-year-old stepdaughter and occurred over the course of at least one year. Defendant admitted sexual relations with his stepdaughter to a Department of Human Services representative, a police department detective, and a sex offender therapist.

**PROCEDURAL HISTORY**

Defendant was originally found guilty of one count of rape of a child, six counts of aggravated rape, and six counts of aggravated sexual battery and received an aggregate sentence of seventy years. On direct appeal, this Court reversed and dismissed the convictions for rape of a child and two counts of

2

aggravated rape.  We affirmed the remaining ten convictions and remanded the case for re-sentencing.  In doing so, this Court expressly approved the mid-range sentences in each count.  We further noted the appropriateness of consecutive sentencing but requested findings pursuant to State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995).[1]

Upon remand, the trial court chose not to disturb the length of its original sentences (twenty years for each aggravated rape and ten years for each aggravated sexual battery).  It did, however, reconsider the consecutive sentencing issue and imposed an aggregate fifty-year sentence.

Defendant appeals this decision and avers that all sentences should be run concurrently for a total twenty-year sentence.

## I.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness.  Tenn. Code Ann. § 40-35-401(d).  This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The record clearly reflects a careful, thorough review of all sentencing principles by the trial court.  At the re-sentencing hearing, the trial court heard testimony, reviewed written reports, and considered the Court of Criminal Appeals opinion remanding the case.  It took the matter under advisement and prepared a comprehensive written sentencing order addressing all applicable concerns.  Thus, our review of the fifty-year sentence imposed is *de novo* with the attached presumption of correctness.

---

[1]In fairness to the trial court, we note that Wilkerson was decided subsequent to the original sentencing hearing.

## II.

We first examine the length of the sentences imposed. At the original sentencing hearing, the trial court imposed mid-range sentences for each count. This Court expressly approved the length of those sentences, and defendant assigns no error in this regard. Thus, the twenty-year and ten-year sentences for four counts of aggravated rape and six counts of aggravated sexual battery, respectively, are appropriate.

## III.

We next examine the trial court's imposition of consecutive sentences. Defendant qualifies for consecutive sentencing under Tenn. Code Ann. § 40-35-115(b)(5) since "[t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim. . . the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim." In its remand order, this Court acknowledged the applicability of § 40-35-115(b)(5).

Thus, the remaining question is whether consecutive sentences comport with the requirements that the sentence (1) reasonably relate to the severity of the offenses committed; (2) serves to protect the public from further criminal conduct by the offender; and (3) is congruent with the general principles of sentencing. State v. Wilkerson, 905 S.W.2d at 939.

## A.

In support of its decision to impose an effective sentence of fifty years, the trial court writes, "without any question, the sentence announced herein is

4

consistent with the severity of the numerous sexual acts perpetrated on this innocent and vulnerable victim over an extended period of time." The trial court thus addressed the requirement that the sentence be reasonably related to the severity of the offense. We will not disturb this finding.

**B.**

The defendant asserts there was no expert testimony at the re-sentencing hearing to indicate that defendant poses a threat to the community or is likely to re-offend. The trial court explicitly rejected this claim and found that the defendant is at risk to re-offend in the future and, as such, poses a threat to the community.

The defense called two expert witnesses: Dr. Harold Jordan, a psychiatric expert, and Ms. Delores Butler, an expert in the treatment of sexual offenders. Dr. Jordan's and Ms. Butler's testimony was presented to establish that defendant poses no danger to the community upon release. However, the testimony of both was tempered by the admonition that such release would require strict conditions including counseling and no contact with the victim. Ms. Butler indicated that the defendant would be most likely to "lose control" in a family situation and admitted that defendant would require continuous treatment in order to avoid a relapse.

The trial court also had before it a mental health evaluation performed prior to the original sentencing hearing. That evaluation stated that defendant was at risk to re-offend.

There was sufficient evidence before the trial court to support its finding that the public needs protection from further criminal conduct by the defendant. We will not substitute our judgment for that of the trial court.

**CONCLUSION**

The trial court found that the circumstances of this case warrant an effective fifty-year sentence and that the sentence serves to protect the public and the victim

5

from any further serious criminal conduct by the defendant. Its findings and conclusions comport with the principles of <u>Wilkerson</u>. If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under our sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Therefore, we AFFIRM the trial court's imposition of an effective fifty-year sentence.


_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**PAUL G. SUMMERS, JUDGE**


_____
**JOSEPH M. TIPTON, JUDGE**

6